PRISONER CIVIL RIGHTS ACT COMPLAINT FORM
42 U.S.C. §1983
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

FILED
Asheville, NC

APR 0 8 2022

Clerk, US District Court
Western District of NC

RICARDO EDWIN LANIER
(Enter above full name of Plaintiff/only
One plaintiff permitted per complaint.)

v.

OFFICER J. BURNS
OFFICER Z. CAPPS

Case No. 1:22cv78

(Enter above full name of defendant or defendants.)

I. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (✓) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit describe the additional lawsuits on an additional sheet of paper, using the same outline.
   1. Parties to previous lawsuits:
      Plaintiffs: RICARDO EDWIN LANIER

      Defendants: SHERRIFF OFFICER J. BURNS
      SHERRIFF OFFICER Z. CAPPS

   2. Court (if federal court, name the district; if state court, name the county): NORTH CAROLINA INDUSTRIAL COMMISSION

   3. Docket number: TA-299882

   4. Name of presiding judge: _____

   5. Disposition (for example, was the dismissed? Appealed? Is it still pending?)
      _____

   6. Approximate date of case filing: January 31, 2022

II. PREVIOUS IN FORMA PAUPERIS LAWSUITS

   A. While incarcerated or detained in any facility, have you filed a lawsuit in any federal court in which you were allowed to proceed in forma pauperis (without prepayment of fees)?
   Yes ( ✓ ) No ( )
   1. Name the court and docket number for each: I don't remember the docket number, but was in this court

   B. Were any of these cases dismissed under 28 U.S.C. §1915(d) on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted?
   Yes ( ) No ( ✓ )
   1. If yes, how many?
   2. Name the court and docket number for each action:

III. EXHAUSTION OF INMATE ADMINISTRATIVE REMEDIES

   A. Did you present the facts of each claim relating to your complaint to the Inmate Grievance Commission or any other available administrative remedy procedure?
   Yes ( ✓ ) No ( ✓ )

   B. If your answer is Yes:
   1. When did you file your grievance? Plaintiff filed or tried too file Grievance re: issue[s] in complaint on 4-4-22 but was told to put on Kiosk Plaintiff can't do that because of length of claim
   2. What was your grievance? 4th 8th 14th U.S. Const. Amend. violations also see notarized Included Grievance as well as handwritten Grievance Please note: on 3-30-22 Plaintiff tried to submitt same Grievance but the officer Scribled out their name See EXHIBIT-E. where officer scribled it out means their signature
   3. Did you appeal any adverse decision to the highest level possible in the administrative procedure? Yes ( ✓ ) No ( )

   If yes, when was the decision and what was the result? Plaintiff was unable too exhaust due to H.C.D.C. officials inaction to allow Plaintiff to submitt Grievance thus a clear form, or reprisal as well as intentionally prohibiting my access to the courts Prohibites me from utilizing the Grievance Procedure which is in fact needed as a requirement before filing this in fact thing too stop me from filing

   C. If your answer to A is no, identify the claim(s) and explain why not: Plaintiff is unable to file a Grievance and has in fact tried See enclosed Notarized Grievance and Notarized handwritten Grievance plus all things in this action took place while the Plaintiff was infact still on the outside meaning not incarcerated... Thus there was no Grievance or Inmate Grievance Commission too in fact file a Grievance thus Plantiff respectfully asks that this requirement be respectfully waived since at no fault of the Plaintiff the Plaintiff is unable to meet the full exhaustion requirement thus plaintiff respectfully asks that the exhaustion requirement be waived.

IV. **PARTIES**
A. Plaintiff's Name: RICARDO EDWIN LANIER
Address/Place of Confinement: Henderson County Detention Center
375 1st Ave. East, Hendersonville N.C. 28792

B. Defendant(s)

Name of Defendant 1: J. BURNS
Position: SHERRIFF OFFICER
Place of Employment: Henderson County Sherriff's Office
Current Address: 100 N. Grove St. Hendersonville N.C. 28792

Additional Defendant(s) provide name, position, place of employment, and current address for each.

Defendant 2: Z. CAPPS
SHERRIFF OFFICER
Henderson County Sherriff's Office
100 N. Grove St. Hendersonville N.C. 28792

Defendant 3: _____

Defendant 4: _____

(Continue on separate sheet if necessary.)

V. **STATEMENT OF CLAIM**
State here as briefly as possible the FACTS in your case. Do this by describing how each defendant named in Section IV B. above is personally involved in depriving you of your rights. All relevant times, dates, and places should be included. YOU MAY, BUT NEED NOT, GIVE LEGAL ARGUMENTS OR CITE ANY CASES OR STATUTES. You may only combine claims involving events that relate to all defendants. Number and set forth each separate claim in a separate paragraph. Unrelated claims involving separate events must be set out in a separate complaint. (Attach additional sheets if necessary.)

See Attached: Complaint (8-pages)
See EXHIBIT - A. (5-pages)
See EXHIBIT - B. Disc #1 From Police Body camera.
See EXHIBIT - B. Disc #2 From Police Body camera.
I've seen both disc, if not included... all video footage is clear no skipping or scene and all times documented in complaint are correct where it can be seen in video.
See EXHIBIT-C. magistrate's order # 21CR052696.

See EXHIBIT D. underlined are amendments violated in this case (3-pages)

At all times mentioned in this action, Defendant J. Burns; [and] Defendant Z. Capps were in fact acting under the color of state law...

The aforementioned defendant[s] did in fact deprive the plaintiff of the following constitutional Amendments:

IV - violation can be found in section[s] VI; VII of complaint...

VIII - violation can be found in section[s] VII; VIII of complaint...

XIV - violation can be found in section[s] VI; VII; VIII; IX; Arguement; Conclusion of complaint...

VI. REQUESTED RELIEF

STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. YOU NEED NOT MAKE ANY LEGAL ARGUMENTS, OR CITE ANY CASES OR STATUTES.

See page 7 of 8 of the complaint to in fact see how calculated...

1.) For the breach of security and unlawful entry of plaintiff's home in violation of U.S. Const. Amend. IV
$250,000.00...

2.) For the defendants utilizing their tazer-gun and tazing me without provocation in violation of U.S. Const. Amend. VIII
$850,000.00...

3.) For defendant J. Burns abusing his authority putting that false charge on me subjecting me to be "falsely imprisoned" in violation of U.S. Const. Amend. IV; XIV
$275,000.00...

4) For plaintiff's beloved dog "cinderella" dying while plaintiff was falsely imprisoned in violation of U.S. Const. Amend. IV; XIV; [and] for pain and suffering
$180,000.00...

5) For plaintiff's daughter-in-law contracting covid-19 and for the plaintiff having to be away from her, causing plaintiff too 'stress and less sleep because of the false imprisonment in violation of U.S. Const. Amend. IV, XIV pain and suffering damages
$375,000.00 ...

6) For over all pain and suffering from the deprivation of U.S. Const. Amend. IV, VIII, XIV
$350,000.00 ...

The combined total equals: $2,280,000.00

And whatever else the court deems proper just or equitable ...

Date: 3-22-2022.    Signature: _Ricardo Ellis Lanier_

Prison ID #: _____

## I.

I RICARDO EDWIN LANIER, am in fact the Plaintiff appearing as counsel for myself in this matter filed pursuant 42 UNITED STATES CODE SECTION 1983. At all times mentioned throughout this action, when I say Plaintiff, I will in fact be respectfully referring to myself. This cause of action is in fact submitted in GOOD FAITH due to Henderson County Sherriff Officer[s] unjustly, unprofound, hideous acts and omissions, which did in fact not only in fact "exceed" ethical paremeters, but also did in fact unlawfully and willfully infringe upon the Plaintiff's "civil-liberties" thus, in fact subjecting the Plaintiff to [e]xcessive force without Provocation since the Plaintiff showed [no] "hostility" [or] "resistance", thus, the Plaintiff should have never been tazed with a tazer gun or in fact subjected to force that was as is tantamount to a knowing willingness that it did occurr.

## II.

The "tempestuousness" bestowed upon the Plaintiff by all aforementioned defendant[s] in this matter, has in fact not only subjected the Plaintiff to Physical anguish whithin the comfort and Privacy of his own home, but has inevitably also in fact caused very high uncomfortable mental and emotional detrimental recurring-thoughts that the Plaintiff is in fact finding very difficult to "eradicate" from the Plaintiff's "thought-Process"... These highly uncomfortable recurring thoughts that the Plaintiff constantly has to remember and be reminded of, are not only from the horrid, torrential, sadistic acts and omissions of the [d]efendants "brutal-force" but are also of the false charges the [d]efendants charged the Plaintiff with, thus, in fact willfully as well as intentionally subjecting the Plaintiff to "False-imprisonment". WHEREFORE clearly robbing the Plaintiff of his freedom and subjecting the Plaintiff to be [I]ncarcerated over as well as under [F]alse-"Pretense"...

## III.

The Plaintiff now respectfully moves to bring to the courts attention and respectfully asks that it be dully-noted: that while the Plaintiff was in fact incarcerated for this [hyerbolicalness], the Plaintiff's beloved Yorkie-Poodle "Cinderella" Passed away, see EXHIBIT-A Page 2 cinderella Passed away. Plaintiff solely contends

to the material-fact that if he wouldn't have been incarcerated he would have seen as well as in fact taken full notice that something was in fact wrong with his pet and [p]romptly would have taken his pet to the vet which may have been detrimental in saving his pets life. Also while the plaintiff was in fact imprisoned, the Plaintiff's daughter-in-law, "Bree" was in fact exposed to covid-19, which was not only very stressful and hard to grasp and deal with, but also did in fact cause the Plaintiff too not be able too sleep at night... See EXHIBIT A page 5 on 8/9/2021 at 6:56 p.m. [and] EXHIBIT A page 5 on 8/9/2021 at 10:15 p.m. .

### IV.

Plaintiff now respectfully moves to introduce the defendant[s] in this matter. Defendant J. Burns [and] Defendant Z. Capps. At all times mentioned in this action, when the Plaintiff says defendant or defendant[s] it should be noted and taken into account that all defendant's were in fact "acting under the color of state law", since the defendant's are in fact employed by HENDERSON COUNTY, IN THE STATE of NORTH CAROLINA...

### V.

This incident in which the defendants did in fact clearly deprive the Plaintiff of his Constitutional rights pursuant U.S. Const. Amends: Amend # IV Amend # VIII [and] Amend # XIV took place in the comfort of the Plaintiff's home. The 'exact-time' of which this incident took place is unsure because it wasn't documented, but the night of July 8th, 2021, but early morning hours of July 9th, 2021...

### VI.

On July 9th, 2021 the defendants were in fact summoned to my home. See EXHIBIT B, disc #1 at 00:48 The reason upon which as to why the defendant's were in fact summoned, is because Plaintiff and his wife were having a 'verbal' argument which in fact necessitated in the Plaintiff's wife

feeling the need to have the defendant's summoned to come and in fact mediate the situation. As the plaintiff was in fact standing at his front door waiting for the defendants' arrival, Defendant J. Burns [and] Defendant Z. Capps arrived on the plaintiff's property. As the plaintiff did in fact view the defendants' arrival, plaintiff rapidly as well as promptly [o]pened his door and was asked to step outside and speak to another officer. See EXHIBIT B, disc #1 at 00:51 Defendant J. Burns [and] Defendant Z. Capps then speak to the plaintiff's wife [inside] their home. See EXHIBIT B, disc #1 at 1:28 As the plaintiff's wife did in fact speak to defendant J. Burns [and] Defendant Z. Capps, she concisely as well as lucidly informed the defendants' that the plaintiff did not [a]ssault her when asked by the defendants. See EXHIBIT B, Disc #1 at 2:20 As the plaintiff was in fact speaking to the unnamed officer after a short period of time had in fact exceedingly passed, defendant J. Burns [and] Defendant Z. Capps stepped back outside. Once 'both' defendants' were 'both' outside [t]hey lucidly as well as concisedly advised the unnamed officer that [No] crime was in fact 'reported', and that there was [No] signs of domestic violence and all (3) officers elected to leave. See EXHIBIT B, Disc #1 at 10:49 As the defendant's were in fact leaving the plaintiff walked back [i]nto his home and [closed] the front door, and him and his wife walked back to their bedroom... See EXHIBIT B, Disc #1 at 12:47

## VII.

Plaintiff then as they were in the bedroom asked his wife why did she call the police, which infuriated her, and she got upset and while standing by the curtains accidentally made the curtain come down in the bedroom,

as the Plaintiff was in fact standing on the other side of the room. While the Plaintiff was in fact standing in the doorway trying too calm his wife down, the Plaintiff did in fact [see as well as notice] a light that appeared to be a flashlight. See EXHIBIT B. Disc #2 at 00:00 In a complete state of perplexity as well as bewilderment, as to how officer's [regained entry] to his home since he nor his wife had not' let the defendant's back in, the Plaintiff slowly raised his hands while cautiously informing the officer's 'vociter- ously' in a slow nonhostile calm voice that he was 'not resisting', thus, in fact offering full submission... See EXHIBIT B. Disc #2 at 00:06-00:07 Subsequently, defendant J. Burns then did in fact order the Plaintiff to put his hands behind his back. After the Plaintiff's wrist was in fact behind his back, Defendant J. Burns then did in fact act under the color of state law by [maliciously] as well as [sadistically] affixing a handcuff extremely tight, which was in fact applied tighter than usual or should have been permited, due too the "immediate discomfort" in which the Plaintiff re- spectfully asks that it be dully-noted: brought an instant immed- ate numbness to the Plaintiff's hand, in which the Plaintiff began to lose the feeling of his fingers. Defendant J. Burns then began to affix the other handcuff to the other wrist of the Plaintiff, as Defendant J. Burns began to put the cuff on the Plaintiff's wrist, Defendant J. Burns applied the cuff which had a "ruff" [rusted] edge in which it scraped the Plaintiff's wrist, as he was in fact applying force which made Plaintiff move due to the pain caused by the rusted cuff. See EXHIBIT B. Disc #2 at 00:17 [and] Plaintiff still has a [visible mark] on his left wrist from the handcuff scratching him cause it was so deep...

VIII.

Defendant J. Burns [or] Defendant Z. Capp then acted

Case 1:22-cv-00078-MR    Document 1    Filed 04/08/22    Page 9 of 13

-4-

under the color of state law by blatantly as well as wantonly acting with complete "acquiesce" and egregiousness in the flagrant way they utilized their tazer-gun without due diligence, proper "assiduousness" or provocation in any way, thus, the plaintiff fully asserts the material fact: by there being no "imminent" danger or threat bestowed upon the defendant(s), the plaintiff's wife, or the plaintiff indangering himself, the defendant's unjust, unbecoming, unconstitutional, torrential acts should in fact be "cognizant" as clear violations of:

<u>U.S. Const. Amend. IV.</u> "The right of the people to be secure in their persons [houses] papers and effects against [unreasonable searches and seizures] shall not be violated..." "since the defendants 'left' and me nor my wife [never let them back into] our home"... <u>U.S. Const. Amend. VIII.</u> "EXCESSIVE bail shall not be required, nor excessive fines imposed, nor [cruel and unusual Punishment] inflicted..." "If I was in fact tazed in my own home after defendants came in my home in violation of Amend. IV. not only was it cruel, but it was also highly unusual"... <u>U.S. Const. Amend. XIV.</u> "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the united states, nor shall any state deprive any person of life liberty or property without due process of law, [nor] deny to any person within it's jurisdiction the equal protection of the laws." "If amendments IV. & VIII. are violated Amend. XIV. is clearly violated"...

## IX.

For the unlawful entry of my home in violation of <u>U.S. Const. Amend. IV. See EXHIBIT B Disc #1 at 12:47 showing the Plaintiff [closed] his door...</u> To show the

defendant[s] came back into Plaintiff's home without authorization from Plaintiff or the Plaintiff's wife. see EXHIBIT B DISC#2 at 00:00. To show the [e]xcessive force in violation of U.S. Const. Amend. VIII, see EXHIBIT B DISC#2 at 00:06; DISC#2 at 00:07; DISC#2 at 00:17; DISC#2 at 1:38; To show that Defendant J. Burns charged me with an offense that never took place subjecting me to be falsely imprisioned see EXHIBIT C. magistrate's order 21CR052696 which says Plaintiff assaulted his wife by grabbing her throat and was given a $500,000.00 bond by Judge Cowen, a few days later, which was beyond excessive... A clear violation of U.S. Const. Amend. IV. [and] VIII...

## ARGUEMENT

It can in fact be easily seen beyond recoognition that "both" defendant[s] strategically plotted to "invade" on the Plaintiff's Personal welfare and well being but not only intentionally as well as illegally breaching the security and privacy of the Plaintiff's home, but also by alleging the Plaintiff assaulted his wife by grabbing her throat. Plaintiff stands on the lucid fact this "false-allegation" was only purported by defendant J. Burns only and only to circumvent as well as justify as to why the unwarranted use of excessive force was in fact bestowed upon the Plaintiff and to cover the unauthorized entry of Plaintiff's home without his or his wife's permission... Plaintiff's wife [never] "told" officers/defendant[s] that she had been assaulted, thus, defendant J. Burns should have [n]ever "charged" the Plaintiff with that offense... Defendant J. Burns [never] "took" pictures to even prove or support the "Hyperbolical" offense. In fact in the video meaning DISC#2 it [never even shows] defendant Burns speaking to the Plaintiff's wife, thus, in fact shedding light on the fact the use of excessive force and improper entry

to the Plaintiff's home [and] the false charge subjecting the Plaintiff to false imprisonment is only justified by; 'intentional misleading documentation' that [never] in fact took place...

## CONCLUSION

For the breach of security and privacy for the defendants unauthorized entry of Plaintiff's home in violation of U.S. Const. Amend IV Plaintiff respectfully ask to be awarded; $250,000.00... For the defendants utilizing their tazer-gun and tazing me without provocation in violation of U.S. Const. Amend VIII. Plaintiff respectfully ask to be awarded $850,000.00... For Defendant J. Burns abusing his authority putting that false charge on me subjecting me to be falsely imprisoned for something that never took place in violation of U.S. Const. Amend IV. Plaintiff respectfully ask to be awarded $275,000.00... For Plaintiff's beloved dog "Cinderella" dying while Plaintiff was falsely imprisoned Plaintiff respectfully ask for pain and suffering damages in the amount of $180,000.00... For Plaintiff's daughter-in-law "Bree" contracting Covid-19 and Plaintiff forced to be away from her cause of the false charges causing Plaintiff to be stressed constantly and losing sleep, thus being subjected to complete sleep deprivation Plaintiff respectfully asks to be awarded $375,000.00... For the overall mental and emotional stress the Plaintiff had to deal with, Plaintiff respectfully asks to be awarded $350,000.00... The combined total of monetary damages equals $2,280,000.00; [and] whatever else the court deems proper, just or equitable... Too in fact support the Plaintiff's contentions: Please see and view enclosed DISC #1 and DISC #2 which is EXHIBIT B. [also] see EXHIBIT A pages 1-5 which is: Jail emails sent from Plaintiff to his wife and messages wife emailed the Plaintiff... message from wife on 7-29-2021 at 5:06 P.M. showing Cinderella died

message from wife 7-29-2021 at 5:16 P.M. showing she [never] told officer's that the plaintiff assaulted her. message from plaintiff on 7-30-2021 at 12:59 P.M. about cinderella dying. message from Plaintiff 7-30-2021 at 1:10 P.M. about cinderella meeting Plaintiff whenever Plaintiff came back home and how defendants lied. message from Plaintiff on 8-4-2021 at 8:33 P.M. plaintiff asking wife to contact D.A. about what happened... message from Plaintiff on 8-9-2021 at 6:56 P.M. [and] message from wife on 8-9-2021 at 10:15 P.M. Plaintiff and wife speaking on daughter-in-law "Bree" having covid-19...

Thus in fact Proving [all] allegations to in fact be true as in fact stated. Thus, this action is in fact with complete merit as a solid concrete clear deprivation of Plaintiff's const. rights, thus, the Plaintiff should be awarded his requested monetary Demands...

I RICARDO EDWIN LANIER, hereby, verify that I have in fact read the foregoing complaint, and hereby verify that all contents alleged herein are in fact true and correct...

EXECUTED on March 22, 2022...

Subscribed and sworn to before me this 22 day of March 2022
Melissa Davis
Signature of Notarium Person
My commission expires 2-19-2023

[Notary Seal: MELISSA DAVIS, NOTARY PUBLIC, HENDERSON]