UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00078-MR

| RICARDO EDWIN LANIER, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| J. BURNS, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, which the Court construes as a motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. [Doc. 13].

**I. BACKGROUND**

Pro se Plaintiff Ricardo Edwin Lanier ("Plaintiff") is a pretrial detainee currently held at Henderson County Detention Center ("HCDC") in Hendersonville, North Carolina. He filed this action on April 8, 2022, pursuant to 42 U.S.C. § 1983, naming J. Burns and Z. Capps, identified as Henderson County Sheriff Officers, as Defendants. [Doc. 1]. Plaintiff alleged that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments through their warrantless entry into Plaintiff's home, the use of excessive force in arresting Plaintiff, and their false arrest and imprisonment

of Plaintiff for Assault on a Female. [Id.]. Plaintiff's Fourth Amendment excessive force claim against Defendants survived initial review and Plaintiff's remaining claims were dismissed. [Doc. 12]. The Court concluded that Plaintiff alleged exigent circumstances that justified Defendants' warrantless entry into Plaintiff's home. That is, the Defendants had responded to a 911 call by Plaintiff's wife related to a domestic disturbance. Shortly after they left Plaintiff's home, Plaintiff and his wife went to a back bedroom and Plaintiff's wife became "infuriated" and "while standing by the curtains accidentally made the curtain come down." [Doc. 1 at 7-8]. The Court also concluded relative to Plaintiff's false imprisonment claim that it must abstain from interfering in Plaintiff's ongoing criminal proceedings under the Younger abstention doctrine. [Id.]. The Court noted that Plaintiff's allegations do not implicate the Eighth Amendment and dismissed any putative claims thereunder. [Id. at n.3].

Plaintiff now moves the Court to reconsider its initial review Order to the extent it dismissed Plaintiff's claims. [Doc. 13]. The Court will construe Plaintiff's motion to reconsider as brought under Rule 54(b) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

"Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts and arguments come to light." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original). However, a district court's Rule 54(b) discretion "is not limitless" and the Fourth Circuit advises that "courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." Id. Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial

3

produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)).

Here, Plaintiff moves the Court to reconsider its initial review Order dismissing most of Plaintiff's claims. [Doc. 13]. Plaintiff acknowledges that if he did, in fact, assault his wife, "the defendant J. Burns was permitted to enter Plaintiff's hom[e] unauthorized…solely because [his] wife's life would have been in danger." [Id. at 2]. Plaintiff argues that, because he did not actually assault his wife in the bedroom, Defendants' warrantless reentry violated the Fourth Amendment. Plaintiff misunderstands the law. The exigent circumstances that allowed Defendants to enter Plaintiff's home without a warrant are based on what was known by Defendants at the time of the entry, not whether Plaintiff actually assaulted his wife. Plaintiff has shown no intervening change in facts or law and no "clear error" leading to manifest injustice to justify the Court altering its initial review Order on this claim.

Plaintiff also argues that the Court improperly dismissed his false imprisonment claim because he wrote to the Clerk of the Superior Court of Henderson County for "2 copies of warrant for arrests for charges" in his cases and the Clerk responded that she "[could not] locate any cases" for

the file numbers provided. [Id. at Doc. 13-2 at 4-5]. Plaintiff, however, does not allege or show that the related state charges resolved in his favor. Moreover, no warrants issued for Plaintiff's arrest in these cases. [See Doc. 13-2 at 1, 3]. As such, no documents exist that would have been responsive to Plaintiff's request to the Clerk in any event. The Court properly dismissed Plaintiff's claim based on his alleged false arrest and imprisonment. Again, there is no intervening change in relevant facts or law and no "clear error" leading to manifest injustice.

As to Plaintiff's dismissed putative Eighth Amendment claim, Plaintiff misapprehends the applicable law. The Eighth Amendment does not apply to excessive force claims brought by pretrial detainees. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Plaintiff's excessive force claim was properly considered under the Fourth Amendment and survived initial review thereunder.

Plaintiff has not shown any right to relief under Rule 54(b) and the Court will deny Plaintiff's motion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 13] is **DENIED**.

**IT IS SO ORDERED**.

Signed: June 24, 2022

Martin Reidinger
Chief United States District Judge