# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:22-cv-00078-MR

| | |
|---|---|
| RICARDO EDWIN LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| J. BURNS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Change Venue Due to Judicial Misconduct of Shielding Defendant's from Properly Asserted Claims in which the Court has Valid Proof that Claims Should be Cognizant as Stating a Valid Claim" [Doc. 16] and Plaintiff's "Documentation that the Plaintiff Was in Fact Incarcerated for Assault on a Female [and] Communicating Threats/Resisting Public Officer that Shows Plaintiff's Wife Never Told Burn or Capps that Plaintiff Assaulted Her So Plaintiff Should've Never Been Arrested [and] Proof that the Clerk of Court Cant [*sic*] Find the Charges Which Were: 21CR052696 [and] 21CR052697 Thus in Fact Proving Plaintiff's False Imprisonment Claim…" [Doc. 17].

Pro se Plaintiff Ricardo Edwin Lanier ("Plaintiff") is a pretrial detainee currently held at Henderson County Detention Center ("HCDC") in

Hendersonville, North Carolina.[1] He filed this action on April 8, 2022, pursuant to 42 U.S.C. § 1983, naming J. Burns and Z. Capps, identified as Henderson County Sheriff Officers, as Defendants. [Doc. 1]. Plaintiff alleged that Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments through their warrantless entry into Plaintiff's home, the use of excessive force in arresting Plaintiff, and their false arrest and imprisonment of Plaintiff for Assault on a Female. [Id.]. Plaintiff's Fourth Amendment excessive force claim against Defendants survived initial review and Plaintiff's remaining claims were dismissed. [Doc. 12]. The Court concluded that Plaintiff alleged exigent circumstances that justified Defendants' warrantless entry into Plaintiff's home. That is, the Defendants had responded to a 911 call by Plaintiff's wife related to a domestic disturbance. Shortly after they left Plaintiff's home, Plaintiff and his wife went to a back bedroom and Plaintiff's wife became "infuriated" and "while standing by the curtains accidentally made the curtain come down." [Doc. 1 at 7-8]. The Court also concluded relative to Plaintiff's false imprisonment claim that it must abstain from interfering in Plaintiff's ongoing criminal proceedings under the <u>Younger</u> abstention doctrine. [Id.]. The Court noted that Plaintiff's

---

[1] Plaintiff asserts that his present detention is regarding charges other than the ones that gave rise to Plaintiff's claim herein. [Doc. 16 at 6].

allegations do not implicate the Eighth Amendment and dismissed any putative claims thereunder. [Id. at n.3].

Plaintiff then moved the Court to reconsider its initial review Order to the extent it dismissed Plaintiff's claims, which the Court construed as one brought under Rule 54(b) of the Federal Rules of Civil Procedure. [Doc. 13]. Plaintiff acknowledged that if he did, in fact, assault his wife, "the defendant J. Burns was permitted to enter Plaintiff's hom[e] unauthorized…solely because [his] wife's life would have been in danger." [Id. at 2]. Plaintiff argued that, because he did not actually assault his wife in the bedroom, Defendants' warrantless reentry violated the Fourth Amendment. The Court denied Plaintiff's motion, finding that Plaintiff had not shown an intervening change in facts or law or a "clear error" leading to manifest injustice to justify the Court altering its initial review Order on this claim. The Court explained that the exigent circumstances that allowed Defendants to enter Plaintiff's home without a warrant are based on what was known by Defendants at the time of the entry, not whether Plaintiff actually assaulted his wife.

Plaintiff also argued that the Court improperly dismissed his false imprisonment claim because he wrote to the Clerk of the Superior Court of Henderson County for "2 copies of warrant for arrests for charges" in his cases and the Clerk responded that she "[could not] locate any cases" for

the file numbers provided. [Doc. 13-2 at 4-5]. Plaintiff, however, did not allege or show that the related state charges resolved in his favor. Moreover, no warrants issued for Plaintiff's arrest in these cases in any event. [See Doc. 13-2 at 1, 3]. The Court, therefore, denied Plaintiff's motion on this issue as well, again finding no intervening change in relevant facts or law and no "clear error" leading to manifest injustice. [Doc. 15].

Plaintiff now moves to "change venue," asking that his case be moved to the Charlotte or Statesville Division. [Doc. 16 at 5]. As grounds, Plaintiff states that he "does not feel he will be given fair impartial rulings in this action." [Id.]. In his motion, Plaintiff recounts essentially the same logically and legally flawed arguments he made in his motion to reconsider, which the Court addressed in its Order denying that motion. [See Doc. 13; Doc. 15]. Plaintiff asks, in the alternative, that the Court "allow Plaintiff's denied claims to be actionable." [Doc. 16 at 6]. Plaintiff has also again filed documents that were previously before the Court and submits additional, though redundant, argument, all in support of the dismissed false imprisonment claim. [Doc. 17]. Plaintiff asks the Court "to now ACCEPT HIS FALSE IMPRISONMENT CLAIM…." [Id. at 3].

While 28 U.S.C. § 1404(b) allows the Court to transfer this action to any other division in this district, it appears what Plaintiff actually seeks is

recusal of the Undersigned.[2]  Judicial recusals are governed by a framework of interlocking statutes.  Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." In turn, 28 U.S.C. § 455(b) offers a list of other situations requiring recusal, one of which is where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n. 1 (quoting United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). Section 144 requires recusal "whenever a party to any proceeding in a district court makes a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…."  28 U.S.C. § 144.  The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists…." Id.  If the affidavit is legally sufficient, the court must recuse itself.  Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989).  However,

---

[2] Transfer of this action to a different division would not result in the assignment of a different judge to the case.  The Undersigned presides over cases in all three divisions.

"[a]ssertions merely of a conclusionary nature are not enough, nor are opinions and rumors." United States v. Farkas, 669 F. App'x 122, 123 (4th Cir. 2016) (per curiam) (quoting United States v. Haldeman, 559 F.2d 31, 34 (D.C. Cir. 1976)).

The Plaintiff has failed to set forth any cognizable basis for the Court's recusal. Plaintiff's unsworn motion relies on his unsubstantiated claim of partiality, which is based solely on what appears to be a willful misunderstanding of the law governing the Court's decision on initial review. The Court's prior adverse judicial rulings and the Plaintiff's conclusory, unsworn claim of partiality do not provide a basis for recusal. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) ("a presiding judge is not … required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation'") (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). The Court will deny Plaintiff's motion for recusal.

Plaintiff's alternative motion to reconsider is also denied for the same reasons as Plaintiff's original motion to reconsider. The Court also notes that Plaintiff continues to claim that his state charges "can't be found," which "means resolved in [his] favor." [Doc. 16 at 3]. Plaintiff also claims that he

6

Case 1:22-cv-00078-MR Document 18 Filed 07/25/22 Page 6 of 7

"is not in Jail now over neither charge defendant J. Burns charged Plaintiff with." [Id. at 6]. Plaintiff, however, has not alleged an intervening change in relevant facts since the Court's initial review Order, only his conclusory claim previously addressed by the Court regarding the letter from the Clerk of Superior Court of Henderson County. Moreover, when charges are resolved in a defendant's favor, they do not disappear from a court record. Plaintiff's logic on this point is also flawed.

**Plaintiff is strongly admonished against filing any further motions to reconsider the Court's initial review Order or other documents purporting to undermine the Court's ruling therein. Any future such motions may be summarily dismissed. If Plaintiff wants to appeal the initial review Order at the conclusion of these proceedings, he may. Until then, he must proceed as the Court directed on initial review.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 16] is **DENIED**.

**IT IS SO ORDERED**.

Signed: July 24, 2022

Martin Reidinger
Chief United States District Judge