IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00078-MR

| | |
|---|---|
| **RICARDO EDWIN LANIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **J. BURNS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's letters [Docs. 19, 21, 23, 25] and Plaintiff's "Motion Explaining Attached Notarized [AFFIDAVIT] of Lakesha Bunch Stating Plaintiff Never Assaulted Her; That Burns and Capps Reentered Our Home Without Authorization. That Plaintiff Was Tazed; That She Told the District Attorney That Plaintiff Never Put His Hands Around her Neck Thus Proving the Unlawful Entry, as Well As The False Imprisonment Claim…" [Doc. 22].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Burns and Capp, claiming various constitutional violations related to Plaintiff's arrest. [Doc. 1]. Only Plaintiff's Fourth Amendment excessive force claim survived initial review. [Doc. 12 at 13]. Plaintiff has filed numerous letters in this matter directed to the Clerk. [Docs.

19, 21, 23, 25]. In the first, Plaintiff seeks relief in this case and in another case pending before this Court, Civil Case No. 1:22-cv-00120-MR. With respect to the instant case, Plaintiff advises that the summonses he completed for service on Defendants were mis-docketed and that "[t]his needs too [*sic*] be corrected so they can in fact be served." [See Doc. 13-5]. He asks the Clerk to mail him proof that the error has been fixed. [Doc. 19 at 1]. Plaintiff's assumptions in this regard are incorrect. Summonses were issued electronically to the U.S. Marshal for service on the Defendants on August 8, 2022. [See Doc. 20]. Thus, service is in process. Plaintiff is admonished against filing needless and improper opinions and directives to the Clerk or to the Court.

In this letter, Plaintiff also states that his Jail's mail log reflects that this Court mailed Plaintiff something that was received at the Jail on July 18, 2022, but that he never received this mail. He asks the Court to resend it. A review of the docket indicates that this mail likely consisted of Docket Nos. 13, 14, and 15 in this matter and Docket Nos. 1 and 8 in Case No. 1:22-cv-120, copies of which were mailed to Plaintiff on July 13, 2022, pursuant to Plaintiff's written request. Copies of these docket entries were mailed to Plaintiff by the Clerk in error. As discussed below, Plaintiff must pay for

2

copies of documents he requests from this Court. The Court will not resend these documents without a proper request and payment.

In the next letter, Plaintiff again references and seeks relief in both of his pending cases with this Court. [Doc. 21]. As to the instant case, Plaintiff requests a copy of Docket No. 17 and again asks the Court to correct the purported summons docketing error addressed above. [Id.]. In the third letter, Plaintiff asks for copies of Docket Nos. 13, 17, 19, and 22. [Doc. 23]. In the fourth letter, which again references and requests relief in multiple cases, Plaintiff asks for an estimate of the cost of certain copies.[1] [Doc. 25].

A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."). The Court declines to provide the Plaintiff with a free copy of docket entries in this case. The Court is not a copying service. The Plaintiff may, however, pay for the copies he seeks at the standard rate of $.50 per page. See

---

[1] This letter was written after the Court denied Plaintiff's request for copies in Plaintiff's other pending case [see Doc. 25 at 1] and admonished Plaintiff that "the Clerk will not docket any future filings that include more than one case number." [Case No. 1:22-cv-120, Doc. 15 at 2]. As such, despite the Court's clear warning, Plaintiff persists in filing documents in direct contravention of the Court's Orders. The Court will not address such submissions and this document will be stricken from the record in this matter. The Court will direct the Clerk not to file any such future documents in the public record in this matter and to return them to the Plaintiff instead.

https://www.ncwd.uscourts.gov/court-fees.  The Court will, however, instruct the Clerk to provide the Plaintiff with a copy of the current docket sheet as a courtesy.

Finally, the Court will disregard Plaintiff's "Motion" [Doc. 22] in this matter.  Plaintiff has been repeatedly advised and admonished regarding the substance of this motion [see Docs. 12, 15, 18], which appears to flow form a willful misapprehension of the law governing the Court's initial review Order.  Any future such filings in this matter will be stricken.

The Plaintiff is cautioned that the Court will not respond to any further letters or other miscellaneous filings in this case; only motions will be ruled on by the Court.  [See Doc. 3: Order of Instructions at ¶ 5].  Plaintiff is also reminded that the Court will not docket any future filings that include or relate to more than one case.  [See generally, id. at ¶ 4 (requiring the Plaintiff to include "the case number" at the top of the first page; cautioning him that "[o]nly documents properly filed with the Clerk of Court will be docketed in this case")].

**Plaintiff is strongly encouraged to read the Order of Instructions and to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this Court before filing any more pleadings or other documents with this Court.  Other future improper filings may be**

**stricken. Moreover, should Plaintiff persist in inundating the Court with improper and unnecessary filings in direct contravention of the Court's Orders, he will be subject to sanctions, which may include dismissal of this action.**

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's letters and "Motion" [Docs. 19, 21, 22, 23], to the extent docketed as motions, are **DENIED.**

**IT IS FURTHER ORDERED** that Docket No. 25 will be **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that copies will not be provided in this matter free of charge.

**IT IS FURTHER ORDERED** that any documents Plaintiff files in this matter referencing multiple case numbers will be **DOCKETED** "Court Only" for record-keeping purposes and the original document shall be returned to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a copy of the docket sheet and this Order.

**IT IS SO ORDERED**.

Signed: August 30, 2022

Martin Reidinger
Chief United States District Judge