UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00078-MR

| | |
|---|---|
| RICARDO EDWIN LANIER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>J. BURNS, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Request to Participate in the Pro-Se Settlement Assistance Program," [Doc. 42], Defendants' Motion to Revoke Plaintiff's *in Forma Pauperis* Status, [Doc. 43], and Plaintiff's recent filing, [Doc. 53].

**I.     BACKGROUND**

Pro se Plaintiff Ricardo Edwin Lanier ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Columbus Correctional Institution in Whiteville, North Carolina. On April 8, 2022, he filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants J. Burns and Z. Capps. [Doc. 1]. Plaintiff claimed, in part, that Defendants unlawfully entered his home to quell a non-existent domestic disturbance and tased him without provocation. [See id.]. Plaintiff, however, failed to pay the filing fee

or move to proceed *in forma pauperis* (IFP). The Clerk, therefore, notified Plaintiff that this action would be dismissed without prejudice if Plaintiff failed to timely address this deficiency. [Doc. 2]. Plaintiff timely moved to proceed *in forma pauperis*. [Doc. 4]. The Clerk granted Plaintiff's motion and ordered that the initial filing fee was waived and directed monthly installment payments from Plaintiff's prison trust account. [Doc. 10]. The Court conducted its initial review of Plaintiff's Complaint, finding that only Plaintiff's Fourth Amendment excessive force claim survived. [Doc. 12]. On October 24, 2022, Defendants answered Plaintiff's Complaint, [Doc. 35], and the Court entered its Pretrial Order and Case Management Plan in this matter, [Doc. 36].

On December 8, 2022, Defendants filed the pending motion, seeking revocation of Plaintiff's IFP status. [Doc. 43]. As grounds, Defendants argue that Plaintiff has had more than three prisoner civil actions dismissed for failure to state a claim for relief and that this action must be dismissed under 28 U.S.C. § 1915(g) without prejudice until Plaintiff pays the filing fee in full. [Doc. 44 at 2-6]. Plaintiff responded to Defendants' motion. [Doc. 50]. Plaintiff opposes the motion "solely because the Plaintiff has in fact been granted leave by the court to proceed in forma pauperis with this action." [Id. at 2]. Plaintiff also claims that he "is in fact under imminent danger of serious

2

Case 1:22-cv-00078-MR   Document 54   Filed 01/18/23   Page 2 of 6

physical injury [because when he is released next month, Defendants] could once again illegally come into Plaintiff's home and either subject him to excessive force again, or perhaps allege Plaintiff provoked them to shoot him and kill Plaintiff." [Id. at 3, 4].

## II. DISCUSSION

Section 1915(g) of the Prison Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). However, the Supreme Court has stated that, when a court gives a plaintiff leave to amend his complaint, "the suit continues, the court's action falls outside of Section 1915(g) and no strike accrues." Id. at 1725, n.4.

Defendants argue that Plaintiff has filed at least three (3) prior non-habeas civil actions that have been dismissed for his failure to state a claim for relief. See Lanier v. Hernandez, 3:09-cv-00240-DMS-POR (S.D. Cal.),

3

Docs. 1, 17; Lanier v. Griffin, 1:14-cv-252-FDW (W.D.N.C.), Docs. 1, 10; Lanier v. Hands, 5:17-ct-3042-FL (E.D.N.C.), Docs. 1, 13. However, in Case No. 5:17-cv-3042, the Plaintiff was granted leave to amend. [5:17-cv-3042, Doc. 13]. Therefore, the dismissal in that case is not a "strike" pursuant to § 1915(g). See Lomax, 140 S.Ct. at 1725 n.4. Accordingly, Defendants have failed to identify three prior "strikes" against the Plaintiff before he filed the instant action. The Court, therefore, will deny Defendants' motion.

The Court, however, will deny Plaintiff's request to participate in the Pro Se Settlement Assistance Program. This program is not available to prisoners like Plaintiff. See LCvR 16.4(b)(1) (specifically excluding "[c]ases in which the *pro se* party is a prisoner or pretrial detainee" from the Program's application).

Finally, Plaintiff recently filed a document he calls "Admitted Facts of Defendant Burns with Regaurds [*sic*] to Allegations Made by Plaintiff in Complaint." [Doc. 53]. The Court will strike this document. It is a wholly improper submission to the Court in direct contravention of the Court's Order of Instructions and the Local Rules of this Court. [See Doc. 3 at ¶ 7 ("It is Plaintiff's responsibility to … refrain from making frivolous or duplicative filings…."); LCvR 26.2 ("The parties shall not file any … discovery requests or responses thereto … or other discovery material….").]. In this filing,

Plaintiff purports to move to "bring to the Court's attention certain 'vital aspects'" of Plaintiff's Complaint "admitted by the defendant's [*sic*]." [Doc. 53 at 2]. Plaintiff goes on to purportedly rehash Defendants' discovery responses and attaches a copy thereof. [See Doc. 53, 53-1]. Should this case proceed to summary judgment, Plaintiff can present discovery materials at the appropriate time. Until then, any such submissions or purported submissions will be stricken.

Plaintiff has been repeatedly admonished in this case against making improper filings with the Court. [See Doc. 18 at 7; Doc. 16 at 5, Doc. 38 at 2; Doc. 40 at 3]. He, unfortunately, remains undeterred. Although the Court is denying Defendants' current motion to revoke Plaintiff's IFP status under § 1915(g), the Plaintiff is reminded that he will be subject to sanctions, including dismissal of this action, should he persist in inundating the Court with improper and unnecessary filings.

### III. CONCLUSION

In sum, the Court will deny Defendants' motion to revoke Plaintiff's IFP status, deny Plaintiff's motion to participate in the Pro-Se Settlement Assistance Program, and strike Plaintiff's recent filing.

# ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Revoke Plaintiff's *in Forma Pauperis* Status [Doc. 43] and Plaintiff's "Request to Participate in the Pro-Se Settlement Assistance Program" [Doc. 42] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's filing [Doc. 53] is **STRICKEN** from the record in this matter and Plaintiff is expressly admonished that the Court may dismiss this action without prejudice and without further notice to the Plaintiff should Plaintiff make any further improper filings in this matter.

**IT IS SO ORDERED**.

Signed: January 16, 2023

Martin Reidinger
Chief United States District Judge