UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00078-MR

| RICARDO EDWIN LANIER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| J.BURNS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel [Doc. 57] and on Defendants' Response to Plaintiff's Motion to Compel [Doc. 58].

On April 8, 2022, *pro se* Plaintiff Ricardo Edwin Lanier ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants J. Burns and Z. Capps while he was detained at the Henderson County Detention Center in Hendersonville, North Carolina.[1] [Doc. 1]. Plaintiff claimed, in part, that Defendants unlawfully entered his home to quell a non-existent domestic disturbance and tased him without provocation. [See id.]. Plaintiff's Fourth Amendment excessive force claim survived initial review in

---

[1] Sometime after, Plaintiff was transferred to Foothills Correctional Institution in Morganton, North Carolina, then to Columbus Correctional Institution in Whiteville, North Carolina, and then released from incarceration on January 20, 2023. [Docs. 41, 45, 55].

accordance with the Court's Order and his remaining claims were dismissed. [Doc. 12]. The Court entered its Pretrial Order and Case Management Plan in this matter, [Doc. 36], and recently granted Defendants' motion to extend the scheduling order deadlines to allow time to depose the Plaintiff, [Doc. 59, 2/2/2023 Text Order]. Plaintiff has filed numerous improper motions in this case and has been repeatedly warned against filing further such motions. [See Doc. 54 at 5].

Plaintiff now moves the Court to compel discovery from Defendants. [Doc. 57]. In support of this motion, Plaintiff argues as follows. On November 6, 2022, Plaintiff mailed two discovery requests to Defendants, a request for production of documents and a request for admissions. [Id. at 2]. On November 9, 2022, Plaintiff called defense counsel asking if he had received them. Defense counsel responded that he had received the requests but that he "wasn't' going too provide the materials because it was confidential." [Id. (errors uncorrected)].

In response to Plaintiff's motion, Defendants provided their responses and supplemental responses to Plaintiff's discovery requests, which were timely served on Plaintiff. [Docs. 58, 58-1, 58-2]. In the responses, Defendants stated they would provide the requested incident reports and videos on entry of a protective order by the Court. Defendants provided

Plaintiff with a draft protective order, along with a copy of the relevant statute governing disclosure, for Plaintiff's review. [Id. at 2]. Defendants ask the Court to deny Plaintiff's motion because it appears Plaintiff is simply asking the Court to compel Defendants to change their discovery responses. [Doc. 58 at 1]. The Court will deny Plaintiff's motion to compel. Defendants timely and properly responded to Plaintiff's discovery requests. As provided by Defendants, a protective order must be entered before the production of certain confidential materials. Plaintiff has shown no grounds for relief here.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 57] is **DENIED**.

**IT IS SO ORDERED**.

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge