UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00078-MR

| RICARDO EDWIN LANIER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| JUSTIN BURNS, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Reconsideration of Order that 72 Court's Order is Hereby Amended in That Defendant's Motion for Summary Judgment is Granted…" [Doc. 79] and Plaintiff's "Exhibits to Support the Plaintiff's Motion for Reconsideration" [Docs. 86, 86-2].

Pro se Plaintiff Ricardo Edwin Lanier ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants Justin Burns and Zane Capps, Henderson County Sheriff Officers, for allegedly using excessive force in arresting Plaintiff for assaulting his wife. [Doc. 1, see Doc. 1-7]. On August 28, 2023, the Court denied Defendants' Motion for Summary Judgment [Doc. 72] and the Court herein incorporates that Order by reference. When the Court denied Defendants' summary judgment motion,

it was under the mistaken belief that, contrary to Plaintiff's claims, he had not filed video footage of the incident with the Court. [See id. at 2 n.2]. The same day the Court denied summary judgment, it directed the parties to notify the Court within 14 days if they objected to participating in a judicial settlement conference. [Doc. 73]. Plaintiff timely responded, advising the Court that he was willing to participate in a settlement conference and demanding "40% no less than 35%" of $2,280,000.00 to settle the case. [Doc. 74].

On September 14, 2023, Plaintiff filed a notice of change of address in which he also directed the Court's attention to the October 17, 2022 Docket Entry reflecting that the Clerk's Office had stored CDs containing the footage in the Clerk's Office safe. [Doc. 75]. Thereafter, the Court retrieved and reviewed the video footage of the incident. The video footage of the incident revealed that Defendants were entitled to qualified immunity relative to their use of force on the Plaintiff. [Doc. 76 at 4-6]. On September 29, 2023, the Court amended its summary judgment Order under Rule 60(a) of the Federal Rules of Civil Procedure and granted summary judgment for Defendants. [Id. at 5-6].

Plaintiff now moves for reconsideration of the Court's Order granting summary judgment for Defendants but fails to state under what rule he

purports to proceed.[1]  [Doc. 79].  Because Plaintiff's motion was filed within 28 days of the Court's Order and Clerk's Judgment, the Court will consider it under Rule 59(e).  Plaintiff states no actual grounds for relief.  [See Doc. 79]. Rather, Plaintiff recounts portions of the Court's Order denying summary judgment and complains that he "never heard anything" more about a judicial settlement conference.  [Id. at 1-3].  Plaintiff also attaches a copy of a Declaration he previously submitted in this case regarding and explaining the contents of the CDs containing the video footage of the incident.  [Doc. 79-1; see Doc. 33].  On October 13, 2023, Plaintiff filed a letter directed to the Clerk stating that he had not received the Court's Order amending its summary judgment Order and dismissing the case and was only aware of it because it "show[ed] up on the updated docket that [he] requested."[2]  [Doc.

---

[1] A motion to reconsider may be considered as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). MLC Auto., LLC v. Town of S. Pines, 532 269, 278-80 (4th Cir. 2008).  "The timing of the filing of the motion is the key factor in ascertaining which rule applies.  The Fourth Circuit has said that 'a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.'"  Bank v. M/V "Mothership", 427 F.Supp.3d 655, 659 (D. Md. May 20, 2019) (quoting Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (citations omitted)).  "A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60[.]"  Id. at 659 (citation omitted).

[2] The docket shows that the Clerk mailed the Order and Clerk's Judgment to Plaintiff at his address of record at the time.  [9/29/2023 (Court Only) Docket Entry].  They were returned as undeliverable on October 16, 2023, and the Clerk resent them to Plaintiff at his since updated address the same day.  [Doc. 83; 10/16/2023 (Court Only) Docket Entry; see Doc. 78].

80]. Then, on October 30, 2023, Plaintiff filed purported exhibits to his motion to reconsider, including Henderson County Sheriff's Office Use of Force and Incident/Investigation Reports regarding the incident and Defendant Burns' Responses to Request for Admissions,[3] as well as additional argument in support of his pending motion. [Docs. 86, 86-2].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule

---

[3] None of these materials were before the Court on summary judgment or when the Court amended its summary judgment Order. [See Docs. 62, 64, 72, 76].

59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when the Court granted summary judgment for Defendants, nor does his motion stem from an intervening change in the applicable law or a clear error of law. The Court, therefore, will deny Plaintiff's motion to reconsider.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 79] is **DENIED**.

**IT IS SO ORDERED**.

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge